Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
        blarsen@shea.law
        kwyant@shea.law

*Attorneys for Debtor Banq Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BANQ INC.<br><br>                    Debtor. | Case No.  23-12378-nmc<br>Chapter 11<br>Subchapter V<br><br>Hearing Date:  October 3, 2023<br>Hearing Time:  9:30 a.m. |

**APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE RETENTION
AND EMPLOYMENT OF GOODWIN PROCTER LLP AS
SPECIAL LITIGATION COUNSEL FOR DEBTOR BANQ INC.**

Debtor Banq Inc. ("Banq" or "Debtor"), by and through its undersigned counsel, hereby submits this application (the "Application"), pursuant to Sections 105, 327(e), 328(a) and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the Debtor to retain and employ Goodwin Procter LLP ("Goodwin Procter" or the "Firm") as special litigation counsel to the Debtor.

This Application is made and based upon the points and authorities below, the declaration of Darryl M. Woo, Esq. (the "Woo Declaration"), attached hereto as **Exhibit B**, the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and any oral argument the Court may entertain at the hearing on the Application.

///

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(e)(2). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief sought in this Application are Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

**BACKGROUND**

3.      On June 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Court"). The Debtor continues to manage its assets and financial affairs as a debtor in possession under Sections 1107(a) and 1108 of the Bankruptcy Code. Neither a Chapter 11 trustee nor an examiner has been appointed in this case.

4.      The Debtor is plaintiff in litigation against Scott Purcell, George Georgiades, Kevin Lehtiniitty, Fortress NFT Group, Inc. d/b/a Fortress Blockchain Technologies, and Planet NFT, Inc. (collectively, the "Defendants"). The Debtor sued Defendants in the United States District Court for the District of Nevada, Case No. 2:22-cv-00773, asserting claims for violations of the Defend Trade Secrets Act, 18 U.S.C. §§ 1832 *et seq*., violations of the Nevada Uniform Trade Secrets Act, NRS CH. 600A, violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq*., violations of the Unlawful Acts Regarding Computers, NRS 205.4765, conversion, fraud, interference with prospective economic advantage, breach of fiduciary duty, aiding and abetting breaches for fiduciary duties, negligence for spoliation, and unjust enrichment (the "Federal District Court Action").

5.      The Federal District Court Action was dismissed by the District Court in an order dated January 14, 2023 [Dkt. 78 in that action], dismissing the case stating at 9:13-14, "I do not address arbitrability.   Instead, I compel arbitration and leave the arbitrability question for the arbitrator to resolve."   That dismissal and judgment based on that dismissal is the subject of a pending appeal before the United States Court of Appeals for the Ninth Circuit (the "9th Circuit

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Appeal"). No demand for arbitration has been made.

6. Goodwin Procter was lead counsel in the Federal District Court Action, and well-familiar with that matter. The Debtor seeks to retain Goodwin Procter as special litigation co-counsel in connection with the prosecution of claims against the Defendants, including but not limited to the claims asserted in the Federal District Court Action. Going forward, the Diamond McCarthy firm will be taking the lead in that action and any related prosecution of Estate claims against the Defendants. *See* Woo Declaration, ¶¶ 5-7.

7. In addition, Goodwin Procter was and is lead counsel for defendants including Banq in the matter of *N9 Advisors, LLC v. Banq, Inc., et al*., Case No. CACE22013341, in the Circuit Court Of The 17th Judicial Circuit In And For Broward County, Florida (the "N9 Action," collectively with the Federal District Court Action and the 9th Circuit Appeal, the "Special Counsel Matters"). The N9 Action seeks, among other things, to enforce the terms of a convertible note issued by Banq in favor of N9. Debtor believes that the N9 Action is a core matter in this bankruptcy. However, to the extent that matter is permitted to move forward post-Petition, Debtor seeks to retain Goodwin Procter in connection with the defense of the N9 Action. Goodwin Procter's work on the N9 Action matter going forward will be separately invoiced from its prior work on the same matter, and subject to approval by the Bankruptcy Court.

**RELIEF REQUESTED**

8. Debtor seeks authority pursuant to 11 U.S.C §§ 327(e) and 328(a) of the Bankruptcy Code to employ and retain Goodwin Procter as special litigation co-counsel in connection with the prosecution of Estate claims against the Defendants, and to compensate Goodwin Procter on a discounted hourly fee basis in accordance with the terms set forth in a post-bankruptcy Engagement Agreement, which provides a 10% discount from the firm's hourly rates and an initial cap of $50,000. Woo Declaration, ¶ 10.

9. Debtor is informed and believes that Goodwin Procter and its attorneys are members in good standing of their respective State Bars, have previously been admitted to practice *pro hac vice* before the United States District Court for the District of Nevada in the Federal

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

District Court Action, and will be so admitted going forward.  Goodwin Procter and its attorneys furthermore are admitted to the United States Court of Appeals for the Ninth Circuit, and admitted *pro hac vice* in the N9 Action.

## SCOPE OF EMPLOYMENT

10.    The Debtor seeks to retain Goodwin Procter in connection with the prosecution of claims against the Defendants, including but not limited to the claims asserted in the Federal District Court Action, the 9th Circuit Appeal, and any related prosecution of Estate claims against the Defendants.  *See* Woo Declaration, ¶ 7.  Goodwin Procter's representation of the Debtor will be limited to the Special Counsel Matters.  Neither Goodwin Procter, Diamond McCarthy LLP ("Diamond McCarthy") nor Shea Larsen, the Debtor's general bankruptcy counsel, anticipate any overlap in responsibility or duplication of efforts.  However, out of an abundance of caution and a desire to efficiently provide legal services to the Debtor, Goodwin Procter, Diamond McCarthy, and Shea Larsen will coordinate efforts to avoid duplication of work and unnecessary fees.  Goodwin Procter has agreed to make reasonable efforts to avoid duplication of services provided by any other professional employed by the Debtor.

11.    Debtor believes it necessary to employ Goodwin Procter as special co-counsel to the Diamond McCarthy firm to render the foregoing professional services so that it may properly pursue its claims, rights, and duties under the Bankruptcy Code. Further, Debtor believes that Goodwin Procter is well-qualified to handle the legal matters described in the Application.

## GOODWIN PROCTER'S QUALIFICATIONS

12.    Debtor selected Goodwin Procter and its attorneys because of the firm's knowledge of Debtor's business affairs and Goodwin Procter's general reputation, experience and knowledge, and in particular, its expertise in the field of intellectual property litigation, which claims were included in the Federal District Court Action and contemplated as part of the prosecution of Estate claims against the Defendants going forward.  Goodwin Procter and its attorneys for years have been actively involved in many intellectual property litigation matters throughout the United States, and were lead counsel in the Federal District Court Action.  Debtor believes that Goodwin

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Procter has the necessary experience, expertise, and background to effectively represent it in the prosecution of Estate claims against the Defendants going forward in this chapter 11 case in an efficient and expeditious manner.

13.     Darryl M. Woo will lead the Goodwin Procter team and will serve as co-counsel in prosecuting the estate's claims against the Defendants.  Mr. Woo has over four decades of intellectual property and complex technology litigation experience, and as specially applicable to the Application and Goodwin Procter's retention, he and the Goodwin Procter team have a depth of experience in the Federal District Court Action, the 9th Circuit Appeal, and the subject matters pertaining to the claims against the Defendants.  Woo Declaration, ¶ 9.

14.     Based on Goodwin Procter's demonstrated qualifications, Debtor believes that Goodwin Procter is well qualified to represent it during its bankruptcy case and any related proceedings for prosecution of Estate claims against the Defendants.

### COMPENSATION

15.     Subject to this Court's approval, the Debtor has agreed to retain and employ Goodwin Procter on a discounted hourly fee basis, with compensation for services and reimbursement of expenses to be paid on an on-going as-needed basis in pursuing Debtor's claims to be asserted in any related adversary proceeding, subject to an initial cap of $50,000.  *See* Woo Declaration, ¶¶ 10-12.

16.     The fees to be paid will be on a discounted basis and subject to various limitations, including an initial cap of $50,000 (the "Retainer").  *See* Woo Declaration, ¶¶ 10-12.

17.     Goodwin Procter seeks authority to draw from the Retainer to pay monthly, on an interim basis, fees and expenses to be incurred in prosecution of Estate claims against the Defendants without further order of this Court.  Goodwin Procter will apply for final allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines for Professional Compensation established by the Office of the United States Trustee (the "Guidelines"), and further orders of this Court, for all services performed and expenses incurred on and after the

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Petition Date until a Plan in this case is confirmed.  *See* Woo Declaration, ¶¶ 10-13.

18.    Pursuant to § 328(a) of the Bankruptcy Code, Debtor may retain Goodwin Procter on reasonable terms and conditions.   Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any other orders of the Court, it is proposed that Goodwin Procter be compensated on the discounted hourly fee basis for services performed as set forth herein, and to reimburse Goodwin Procter according to its customary reimbursement policies subject to approval by the Court.   Debtor believes that the terms, conditions, and fee arrangements set forth in the Agreement are reasonable.

19.    The Debtor believes the fee and expense policies of Goodwin Procter, as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Debtor of Goodwin Procter as its counsel in accordance with Bankruptcy Code Section 328(a). The Debtor requests that Goodwin Procter be allowed compensation for its services and reimbursement for any of its fees and expenses beyond the initial Retainer amount upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, and subject to review and approval of the Court in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016.

## **GOODWIN PROCTER'S DISINTERESTEDNESS**

20.    To the best of Debtor's knowledge and except as otherwise set forth in this Application and in the accompanying Woo Declaration, Goodwin Procter's attorneys do not hold or represent any interest adverse to Debtor's estate.   However, Goodwin Procter has unpaid accounts receivable in the total amount of $649,693.31 for services previously rendered and costs incurred in the Federal District Court Action (the "Accounts Receivable").   Nonetheless, inasmuch as the Accounts Receivable are unsecured and subordinated, Goodwin Procter and its attorneys are disinterested within the meaning of § 101(14) of the Bankruptcy Code.

21.    Goodwin Procter does not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee.   Except as to itself as to the Accounts Receivable, Goodwin Procter does not represent any creditor or other party in interest in

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

these proceedings.  Goodwin Procter has in the past represented, currently represents and may in the future represent certain parties in interest in matters unrelated to the Debtor, the Special Counsel Matters, the chapter 11 case, or such entities' claims against or interests in the Reorganized Debtors.

22.    The Debtor understands that except as otherwise set forth in the Woo Declaration:

   a) Neither Goodwin Procter nor any attorney at Goodwin Procter holds or represents an interest adverse to the Debtor.

   b) Neither Goodwin Procter nor any attorney at Goodwin Procter is or was a creditor or an insider of the Debtor.

   c) Neither Goodwin Procter nor any attorney at Goodwin Procter is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

   d) Goodwin Procter does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

23.    Based upon the Woo Declaration, Goodwin Procter is a "disinterested person," as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.  Debtor has been informed that Goodwin Procter will conduct ongoing reviews of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Goodwin Procter will supplement its disclosures to the Court.

## **BASIS FOR RELIEF REQUESTED**

24.    Section 327(e) of the Bankruptcy Code provides that a debtor, subject to court approval:

> may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

25.    Under Section 327(e) of the Bankruptcy Code, four requirements must be met in

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

order for counsel's retention by a debtor-in-possession to be approved: "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406 (D. Del. 2005) (citations omitted).  The Plan Administrator submits that each of these factors is satisfied with respect to Goodwin Procter, and therefore, its employment should be approved under Section 327(e) of the Bankruptcy Code.

26.    Retention of an attorney under Section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under Section 327(a).  *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [Section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

27.    The Application should be approved for the reasons set forth below.

**A.    Goodwin Procter is Uniquely Qualified to Continue as Co-Counsel in the Prosecution of the Federal District Court Action and Related Claims.**

28.    Goodwin Procter has served as counsel to the Debtor from at least as early as May 16, 2022; *i.e.*, pre-petition, when the Federal District Court Action was filed.  Goodwin Procter was retained prior to that in order to draft the complaint and to provide the Debtor with advice and counsel in connection with that filing.

**B.    The Goodwin Procter Team is Integral to the Continued Successful Prosecution of the Action.**

29.    Mr. Woo has led the Goodwin Procter team in the prosecution of the Federal District Court Action since the inception approximately 15 months ago.  The litigation has been hotly contested and involved motion practice including, among others, a motion to dismiss, discovery motion practice, and a motion to compel arbitration.  There has been early discovery in the Federal District Court Action including, for example, discovery productions from third-parties. As a result, Goodwin Procter has in-depth knowledge of the facts, circumstances and underlying

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1  legal issues of the Federal District Court Action and any related Special Counsel Matters.

2      30.     The Debtor could not replace Mr. Woo and Goodwin Procter.  They have

3  substantial experience and shared knowledge of the Special Counsel Matters.  The only prudent

4  conclusion is that Goodwin Procter continue to represent the Debtor in the Special Counsel Matters

5  to their legal conclusion by way of settlement or litigated result.  Conversely, not permitting

6  Goodwin Procter to continue handling the Special Counsel Matters most likely will injure the

7  estate by weakening an existing and successful litigation team and thereby jeopardizing further

8  recoveries.

9  **C.      Goodwin Procter has No Conflicts and Entry of the Retention Order is in the Best
10          Interests of the Post-Bankruptcy Estates.**

11      31.     Mr. Woo advises that Goodwin Procter has no conflicts,[1] and is ready, willing and

12  able to continue prosecution of the Special Counsel Matters.  The Debtor believes that the

13  employment of Goodwin Procter is necessary and in the best interests of the Debtor and its estates.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23                              **CONCLUSION**

24  _____

25  [1] To qualify for retention as special counsel under Section 327(e) of the Bankruptcy Code, an attorney does not need
    to be a "disinterested person," but simply must "not represent or hold any interest adverse to the debtor or to the
26  estate *with respect to the matter on which such attorney is to be employed*." 11 U.S.C. § 327(e) (emphasis added).
    Thus, "where employment is sought only for specific limited purposes, [§327(e)] not only eliminates the
27  disinterestedness requirement for a professional who has formerly represented the debtor, but also narrows the
    conflict of interest issue to one of factual evaluation of actual or potential conflict only as related to the particular
28  matters for which representation is sought." *In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987).

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

32.     Wherefore, Debtor requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtor to retain and employ Goodwin Procter as its special litigation co-counsel pursuant to Sections 105, 327(e), 328(a) and 1103 of the Bankruptcy Code and on the terms described herein; (b) authorizing Goodwin Procter to be entitled to the discounted hourly fee for work performed on an as-needed basis subject to an initial cap of $50,000 as set forth in the Application; and (c) granting such other and further relief that the Court may deem just and proper.

DATED this 23rd day of August, 2023.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Debtor Banq Inc.*

APPROVED:

 /s/ *Joshua Sroge*
JOSHUA SROGE
CEO and Authorized Representative of
Debtor Banq Inc.

**CERTIFICATE OF SERVICE**

1.   On August 23, 2023, I served the following document(s): **APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF GOODWIN PROCTER LLP AS SPECIAL LITIGATION COUNSEL FOR DEBTOR BANQ INC.**

2.   I served the above document(s) by the following means to the persons as listed below:

☒   a.   ECF System:

DAWN M. CICA on behalf of Interested Party NVF, LLC
dcica@carlyoncica.com; nrodriguez@carlyoncica.com; crobertson@carlyoncica.com; dmcica@gmail.com; dcica@carlyoncica.com; tosteen@carlyoncica.com; 3342887420@filings.docketbird.com

SAMUEL A. SCHWARTZ on behalf of Creditor N9 Advisors, LLC
saschwartz@nvfirm.com; ecf@nvfirm.com; schwartzsr45599@notify.bestcase.com; eanderson@nvfirm.com; samid@nvfirm.com

BRIAN D. SHAPIRO
brian@trusteeshapiro.com; nv22@ecfcbis.com; kristin@trusteeshapiro.com; carolyn@brianshapirolaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

☐   b.   United States mail, postage fully prepaid:

☐   c.   Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐   For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐   For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐   d.   By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

*SHEA LARSEN*
*1731 Village Center Circle, Suite 150*
*Las Vegas, Nevada 89134*
*(702) 471-7432*

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 23, 2023.

By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT A

Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
            kwyant@shea.law

*Attorneys for Debtor Banq Inc.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

BANQ INC.

                    Debtor.

Case No.  23-12378-nmc
Chapter 11
Subchapter V

Hearing Date: October 3, 2023
Hearing Time: 9:30 a.m.

## ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GOODWIN PROCTER LLP AND GOODWIN PROCTER (UK) LLP AS SPECIAL COUNSEL FOR THE DEBTOR

Upon the application (the "Application")[1] of the Debtor for entry of an order (this "Order"), pursuant to Bankruptcy Code section 327(e), Bankruptcy Rules 2014 and 2016, authorizing the employment and retention of Goodwin Procter LLP ("Goodwin Procter" or the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

*SHEA LARSEN*
*1731 Village Center Circle, Suite 150*
*Las Vegas, Nevada 89134*
*(702) 471-7432*

"Firm") as the Debtor's special counsel, effective as of June 13, 2023; and having reviewed the Application and the Declarations in support thereof; and having heard the statements of counsel in support of the relief requested in the Application at the hearing before the Court (the "Hearing"); and the Court being satisfied, based on the representations made in the Application and the Declarations that Goodwin Procter does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters for which Goodwin Procter is to be employed; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and entry of this Order being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtor having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Application and the Hearing were due and sufficient under the circumstances, and that no further notice need be given; and all objections to the Application, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtor is authorized to retain Goodwin Procter as special counsel pursuant to section 327(e) of the Bankruptcy Code pursuant to the terms and conditions set forth in the Application.

3. Goodwin Procter shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Goodwin Procter shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the US Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Goodwin Procter in these chapter 11 cases.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

4. Goodwin Procter shall provide ten business days' notice to the Debtor, the Office of the United States Trustee for the District of Nevada, and any official committee appointed in these chapter 11 cases before implementing any periodic fee increases and shall file such notices with the Court.

5. The Debtor and Goodwin Procter are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. To the extent there is any inconsistency between the Application, the Declaration, and this Order, the provisions of this Order shall govern.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED**.

Prepared and respectfully submitted by:

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for Debtor Banq Inc.*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT B

Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
        kwyant@shea.law

*Attorneys for Debtor Banq Inc.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

BANQ INC.

Debtor.

Case No.  23-12378-nmc
Chapter 11
Subchapter V

Hearing Date: 10/3/2023
Hearing Time: 9:30 a.m.

## DECLARATION OF DARRYL M. WOO, ESQ. IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF GOODWIN PROCTER LLP AND GOODWIN PROCTER (UK) LLP <u>AS SPECIAL COUNSEL FOR DEBTOR BANQ, INC.</u>

I, Darryl M. Woo, state and declare:

1.    I am an attorney at law duly admitted to practice in the State of California, including all Federal District Courts in that state, as well as the United States Courts of Appeal for the Ninth and Federal Circuits, and the United States Supreme Court.

2.    I am a partner in the law firm of Goodwin Procter LLP ("<u>Goodwin Procter</u>" or the "<u>Firm</u>"), in its office located at Three Embarcadero Center, 28th Floor, San Francisco, California 94111.

3.    The facts set forth in this Declaration are known to me based upon personal knowledge unless otherwise noted, and if called as a witness I would and could competently testify thereto. To the extent any information disclosed herein requires amendment or modification, I will submit a supplemental statement to the Court.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

4.    I make this Declaration in support of the *Application for Order Authorizing the Employment of Goodwin Procter LLP as Special Litigation Counsel for the Debtor Banq, Inc.* (the "Application"), and to provide the disclosures required under sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and LR. 2014.  I have read the Application and incorporate its factual statements

5.    As described in the Application, the Debtor, Banq, Inc., is plaintiff in litigation against Scott Purcell, George Georgiades, Kevin Lehtiniitty, Fortress NFT Group, Inc. d/b/a Fortress Blockchain Technologies, and Planet NFT, Inc. (collectively, the "Defendants").  Banq sued Defendants in the United States District Court for the District of Nevada, Case No. 2:22-cv-00773, asserting claims for violations of the Defend Trade Secrets Act, 18 U.S.C. §§ 1832 *et seq.*, violations of the Nevada Uniform Trade Secrets Act, NRS CH. 600A, violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*, violations of the Unlawful Acts Regarding Computers, NRS 205.4765, conversion, fraud, interference with prospective economic advantage, breach of fiduciary duty, aiding and abetting breaches for fiduciary duties, negligence for spoliation, and unjust enrichment (the "Federal District Court Action").  Goodwin Procter is lead counsel of record in the Federal District Court Action.  Going forward, the Diamond McCarthy firm will be taking the lead in the Federal District Court Action and any related prosecution of Estate claims against the Defendants.

6.    The Federal District Court Action was dismissed by the District Court in an order dated January 14, 2023 [Dkt. 78 in that action], dismissing the case stating at 9:13-14, "I do not address arbitrability.  Instead, I compel arbitration and leave the arbitrability question for the arbitrator to resolve."  That dismissal and judgment based on that dismissal is the subject of a pending appeal before the United States Court of Appeals for the Ninth Circuit (the "9th Circuit Appeal").  No demand for arbitration has been made.  Goodwin Procter is counsel of record on the 9th Circuit Appeal.

7.    The Debtor seeks to retain Goodwin Procter in connection with the prosecution of claims against the Defendants, including but not limited to the claims asserted in the Federal

District Court Action and 9th Circuit Appeal, and any related prosecution of Estate claims against the Defendants.

8.      In addition, Goodwin Procter was and is lead counsel for defendants including Debtor in the matter of *N9 Advisors, LLC v. Banq, Inc., et al*., Case No. CACE22013341, in the Circuit Court Of The 17th Judicial Circuit In And For Broward County, Florida (the "N9 Action"). The N9 Action seeks, among other things, to enforce the terms of a convertible note issued by Debtor in favor of N9. Debtor believes that the N9 Action is a core matter in this bankruptcy. However, to the extent that matter is permitted to move forward post-Petition, Debtor seeks to retain Goodwin Procter in connection with the defense of the N9 Action. Goodwin Procter's work on the N9 Action matter going forward will be separately invoiced from its prior work on the same matter, and subject to approval by the Bankruptcy Court.

9.      Goodwin Procter has been selected as special litigation co-counsel largely based on its successful record in intellectual property litigation. The Firm's attorneys are highly skilled intellectual property litigators with a record of success in such litigation matters. Goodwin Procter and its attorneys for years have been actively involved in many intellectual property litigation matters throughout the United States, and were lead counsel in the Federal District Court Action and currently lead counsel in the 9th Circuit Appeal.

10.      I will lead the Goodwin Procter team and will serve as co-counsel in prosecuting the Estate's claims against the Defendants. I have over four decades of intellectual property and complex technology litigation experience, and in light of my and my team having served as lead counsel in the Federal District Court Action as specially applicable to the Application and Goodwin Procter's retention, we have a depth of experience in the subject matters pertaining to the claims against the Defendants.

11.      I have led the Goodwin Procter team in the prosecution of the Federal District Court Action since its inception approximately 15 months ago. The litigation has been hotly contested and involved motion practice including, among others, a motion to dismiss, discovery motion practice, and a motion to compel arbitration. There has been early discovery in the Federal District Court Action including, for example, discovery productions from third-parties.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

As a result, Goodwin Procter has in-depth knowledge of the facts, circumstance, and underlying legal issues of the Federal District Court Action and other Special Counsel Matters.

12.     The Debtor and Goodwin Procter have entered into an Engagement Agreement, which provides among other things for an hourly fee discounted by 10%.  It is furthermore subject to an initial cap of $50,000.  Subject to this Court's approval, Goodwin Procter has agreed to perform the services requested pursuant to the Engagement Agreement on that initially capped discounted hourly fee arrangement under 11 U.S.C. § 328(a).

13.     Goodwin Procter will be compensated for services and reimbursement of expenses to be paid on an on-going as-needed basis in pursuing Debtor's claims to be asserted in the Federal District Court Action, the 9th Circuit Appeal, and any related proceedings for prosecution of Estate claims against Defendants.

14.     Post-petition, Goodwin Procter will be paid a retainer of $50,000 (the "Retainer") to cover its expenses incurred by Goodwin Procter during the pendency of this chapter 11 case, as well as draw down on that amount for its discounted hourly fees incurred, subject to an initial cap of $50,000.  Goodwin Procter seeks authority to draw from the Retainer to pay monthly, on an interim basis, fees and expenses incurred in prosecution of Estate claims against the Defendants without further order of this Court.

15.     Goodwin Procter will apply for final allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines for Professional Compensation established by the Office of the United States Trustee (the "Guidelines"), and further orders of this Court, for all services performed and expenses incurred on and after the Petition Date until a Plan in this case is confirmed, subject to the fee arrangement in the Engagement Agreement as will have been previously approved under section 328(a) of the Bankruptcy Code.

16.     The fee arrangements in the Engagement Agreement were negotiated in good faith and at arm's length.  Goodwin Procter will be compensated for its going-forward services only as set forth in the Engagement Agreement.

17.     At my direction, Goodwin Procter performed a conflict check to determine whether any conflicts exist in this case between Goodwin Procter, the Debtor, and other interested parties, including the Debtor's principals, the Debtor's bankruptcy counsel, the United States Trustee, and the Defendants, and has found no disabling conflicts.

18.     I believe that Goodwin Procter is disinterested within the meaning of 11 U.S.C. § 101(14).  Goodwin Procter's attorneys do not hold or represent any interest adverse to Debtor's estate. However, Goodwin Procter has unpaid accounts receivable in the total amount of $649,693.31 for services previously rendered and costs incurred in the Federal District Court Action and 9th Circuit Appeal (the "Accounts Receivable").   Pursuant to the Engagement Agreement, Goodwin Procter has agreed to subordinate its Accounts Receivable in favor of the contingent fee arrangement between Debtor and the Diamond McCarthy firm that will be assuming the lead in prosecuting the Estate's claims against Defendants.   Nonetheless, inasmuch as the Accounts Receivable are unsecured and subordinated, it is my belief that Goodwin Procter and its attorneys are disinterested within the meaning of § 101(14) of the Bankruptcy Code. Except as to the Accounts Receivable, Goodwin Procter does not hold or represent an interest adverse to the Estate, or of any class of creditors or equity security holders with respect to the purpose and matters for which the Firm is being employed as special litigation co-counsel. Except as to the Accounts Receivable, Goodwin Procter is not a creditor, equity security holder, or an insider of the Debtor.  Neither Goodwin Procter, nor any attorney at the Firm, is or has ever been a director, officer, or employee of the Debtor at any time.

19.     These disclosures are based upon information reasonably available at the time of submission of this Application.  The Firm will supplement this Declaration as may be required under the Bankruptcy Code and Bankruptcy Rules if other connections requiring disclosure become known.

///

///

///

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

20.    Goodwin Procter has not shared or agreed to share any compensation or reimbursement of expenses it may receive with respect to representing the Debtors with any person or entity, or any compensation another person or entity has received or may receive in this chapter 11 case.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated:  August 23, 2023

_/s/ Darryl M. Woo_
Darryl M. Woo

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432